**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| VICTOR RUIZ HERNANDEZ,<br>    ID # 37049-177,<br>        Movant,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:11-CV-2482-N-BH<br>No. 3:06-CR-0192-N (7)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody*, filed September 21, 2011 (doc. 1), should be **DENIED** with prejudice.

**I.   BACKGROUND**

Victor Ruiz Hernandez (Movant) challenges his federal conviction and sentence in Cause No. 3:06-CR-192-N. The respondent is the United States of America (Government).

**A.    Plea and Sentencing**

Movant was charged by superseding indictment with conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. (*See* Indictment). On July 9, 2008, he pled guilty. (*See* docs. 345, 372).[1] In the plea agreement, he waived the right to contest his conviction and sentence in any direct appeal or collateral proceeding, except to bring a direct appeal challenging his sentence as either exceeding the statutory maximum punishment or having been calculated by way of an arithmetic error or to challenge the voluntariness of his plea or waiver and to bring a claim of ineffective assistance of counsel. (doc. 345 at 5-6). Movant

---

[1]   All document numbers refer to the docket number assigned in the underlying criminal action.

acknowledged this waiver during the rearraignment hearing. (doc. 791 at 22-23). He also signed a factual resume admitting facts sufficient to support his plea. (*See* doc. 346).

The probation office prepared a pre-sentence report (PSR) that contained a three-level enhancement for movant's role in the offense. Movant's attorney objected on grounds that movant did not recruit anyone, was instead recruited into the conspiracy by another, and only gave orders to others at the instruction of his supervisor. (*See* Objections to PSR). The probation office then issued an addendum stating that "[a]ccording to the case agent, the defendant acted under the direction of Sergio Maldonado and was responsible for recruiting individuals to pick up drugs and to count proceeds." (*See* Addendum to PSR). The addendum contended that movant did not act as an organizer or leader, but did act as a manager or supervisor, and that the adjustment was therefore warranted *Id*. At the sentencing hearing on March 23, 2009, the PSR and addendum were adopted by the district court, and movant's objection was overruled. (doc. 787 at 3). The guideline calculation in the PSR was an offense level of 38, and the court granted the government's motion for a downward departure of three levels to level 35, resulting in a sentencing guideline of 168 to 210 months. (*Id*. at 4). The district court sentenced movant to 168 months' imprisonment, to be followed by five years supervised release, and entered judgment. (*See* Judgment, doc. 712).

Movant filed an appeal that was dismissed as frivolous by the Fifth Circuit on June 22, 2010. *United States v. Hernandez*, 383 Fed. App'x 433 (5th Cir. June 22, 2010). He did not file a petition for writ of certiorari with the Supreme Court.

**B.   Substantive Claims**

Movant claims that trial counsel was ineffective for failing to challenge the government's "standing to sue" or to challenge the sufficiency of the evidence to support an increase in movant's sentence, and that appellate counsel was ineffective for failing to advise the court of a conflict of

interest, to brief issues, and to communicate with movant. (Mot. at 5-16). The government filed a response on November 16, 2011. (*See* Resp. Opp'n Mot. ("Resp.")). Movant filed a reply on January 6, 2012.

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Movant claims that his trial attorney provided ineffective assistance of counsel by failing to challenge the Government's "standing to sue" and for failing to challenge the sufficient of the

3

evidence to support an increase in movant's sentence.

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). The second prong of *Strickland* is not satisfied by mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that

"conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

**A.    Court's Jurisdiction**

Movant claims that his attorney was ineffective for failing to assert that the government did not have "standing" to prosecute him. He asserts that the burden was on the government to establish that it had standing; because it did not, the district court had only "hypothetical jurisdiction," which therefore rendered the judgment void. (Mot. at 9-11). Movant cites to federal civil cases addressing the constitutional requirement that there be a case or controversy for a federal court to have jurisdiction over a case.

Because movant was prosecuted for violating a federal criminal statute, the government had standing to prosecute him under 28 U.S.C. § 547(1), which states that the United States Attorney *shall* prosecute all offense against the United States. *See also United States v. LaSalle Nat'l Bank,* 437 U.S. 298, 312 (1978) (noting that the Internal Revenue Service cannot try its own prosecutions" because such authority is "reserved to the Department of Justice and, more particularly, to the United States Attorneys"). The district court had jurisdiction over the criminal case. *See United States v. Li,* 2007 WL 951628, slip op. at *2 (S.D. Tex. March 28, 2007) (denying a motion to vacate raising the same claim). Counsel was not ineffective for failing to raise this issue. *See Sones v. Hargett,* 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

**B.    Sentencing**

Movant alleges that his attorney was insufficient in failing to challenge the sufficiency of the evidence to support a three-level sentence enhancement. He acknowledges that counsel objected to the enhancement in the PSR for his role in the offense but contends that his attorney failed to cite

5

to DEA investigative reports showing he did not act in a managerial role and did not recruit anyone to work in the drug conspiracy. (Mot. at 13; PSR ¶ 40).

A PSR generally "bears sufficient indicia of reliability, such that a sentencing judge may consider it as evidence in making the factual determinations required by the Sentencing Guidelines", *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999). While "a district court must resolve disputed issues of fact if it intends to use those facts as a basis for sentencing, the court can adopt facts contained in a PSR without inquiry, if those facts ha[ve] an adequate evidentiary basis and the defendant does not present rebuttal evidence." *Id.* (quoting *United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994)). Furthermore, "[a] defendant's rebuttal evidence must demonstrate that the information contained in the PSR is 'materially untrue, inaccurate or unreliable,' and '[m]ere objections do not suffice as competent rebuttal evidence.'" *Id.* (quoting *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998)).

Movant contends that his attorney was ineffective for failing to submit the information contained in the DEA investigative reports in arguing that the reports do not support a finding that movant was a supervisor or manager. He has not shown a reasonable probability that a more exhaustive objection containing more specific evidence would have been sustained by the district court, resulting in a lesser sentence. The information contained in the PSR was obtained from the factual resume he signed, the investigative reports prepared by the DEA agent, and an interview between the probation officer and the agent to clarify information in the investigative reports. (PSR, ¶ 15).[2] While movant asserts that the investigative reports do not reflect that he was a manager or supervisor, the DEA agent's assessment of the evidence differed. Movant has not shown that there

---

[2] Movant complains that he has not been provided a transcript of the interview between the DEA agent and the probation officer who prepared the PSR, but provides no evidence that any transcript of the interview exists.

is any rebuttal evidence that his attorney should have presented in either his objections, or at the sentencing hearing, that would have shown that the PSR is untrue, inaccurate, or unreliable. Movant's claims of ineffective assistance of trial counsel should be denied.

## IV. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Movant asserts his appellate counsel, who also represented him during his plea and sentencing, was ineffective for failing to advise the court of a conflict of interest, to brief issues, and to communicate with movant.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, petitioner must show a reasonable probability that but for his counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

Movant's appellate counsel filed an *Anders* brief asserting that there were no nonfrivolous issues for appeal, along with a motion to leave to withdraw as counsel. Movant filed a response. After its own independent review of the record, counsel's brief, and movant's response, the Fifth Circuit ruled that there were no nonfrivolous issues, granted the motion for leave to withdraw, and dismissed movant's appeal. *Hernandez*, 383 Fed. App'x at 434.

### A.   Conflict of Interest

Movant first asserts that his appellate counsel was ineffective for failing to advise the court that he had an "inherent" conflict of interest (Mot. at 7). *Cuyler v. Sullivan*, 446 U.S. 335 (1980), provides the applicable standard for evaluating claims of a conflict of interest. In *Cuyler*, the Supreme Court held that the mere *possibility* of a conflict of interest is insufficient to overturn a conviction. Rather, the defendant must establish that his attorney was actively representing conflicting interests and that an actual conflict of interest adversely affected the attorney's performance. Once a criminal defendant demonstrates such a conflict, prejudice is presumed. *Id.* at 349-50. Since *Cuyler*, the Supreme Court has reiterated that a defendant is not entitled to a presumption that the prejudice prong of the *Strickland* standard has been met where there a conflict of interest on his attorney's part existed unless that conflict affected the attorney's performance. *Mickens v. Taylor*, 535 U.S. 162, 172-73 (2002). The Fifth Circuit Court of Appeals has further held that the *Cuyler* standard applies only to conflicts of interest caused by multiple representation. *See United States v. Newell*, 315 F.3d 510, 516 (5th Cir. 2002); *Beets v. Scott*, 65 F.3d 1258, 1270-72 (5th Cir. 1995) (*en banc*). The standard enunciated in *Strickland* applies when a prisoner alleges a different type of conflict of interest. *See Beets*, 65 F.3d at 1272.

Here, movant's appellate counsel was not representing multiple defendants. He appears be arguing that his appellate counsel had an "inherent" conflict because he also represented movant at

his plea and sentencing. Movant has not shown either deficiency or prejudice. He has not established that his counsel was unable to represent him adequately on appeal. While movant complains that counsel did not raise issues regarding his own ineffective assistance, the Fifth Circuit specifically declined to address movant's ineffective assistance claims because the record was not sufficiently developed. *Hernandez*, 383 Fed. App'x at 434. This claim is without merit.

**B.     Failure to Raise Issues**

Movant further asserts that appellate counsel was ineffective for failing to raise several issues on appeal. He asserts that counsel should have argued that there was no evidence that movant acted in a managerial or supervisory role, that the government did not have standing to prosecute him, and that trial counsel was ineffective. According to movant's plea agreement, the only available claims that could be raised on appeal were claims challenging his sentence as either exceeding the statutory maximum punishment or having been calculated by way of an arithmetic error or a claim challenging the voluntariness of his plea or the waiver of the right to appeal. Therefore, movant's claims asserting a lack of standing and a lack of evidence to support an increase in sentence could not have been raised on direct appeal. Moreover, the Fifth Circuit declined to consider any claims of ineffective assistance of counsel. Therefore, counsel was not ineffective for failing to raise these claims. As discussed, these claims are without merit. Appellate counsel was not ineffective in this regard. *See Blanton v. Quarterman*, 543 F.3d 230, 245 (5th Cir. 2008) (holding that to show prejudice from a failure to raise an issue on appeal, movant must show a reasonable probability "that the outcome on appeal would have changed" but for the deficiency of counsel).

**C.     Failure to Communicate**

Finally, movant asserts that appellate counsel was ineffective by failing to adequately communicate with him. Movant's plea agreement limited the grounds appellate counsel could raise

9

on appeal. Movant does not assert either that his plea or waiver was involuntary, or that his sentence exceeded the statutory maximum punishment or was calculated by way of an arithmetic error. Appellate counsel's failure to adequately communicate with movant was not deficient performance because it did not result in a failure to raise a meritorious issue on appeal. *See Phillips*, 210 F.3d at 348.  Movant's claims of ineffective assistance of appellate counsel should be denied.

## V.  EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary.  No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255. Here, the record conclusively shows that movant is entitled to no relief.

## VI.  RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 9th day of February, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE